# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JANET N. WINTERS,

    Plaintiff,

v.

STEARNS LENDING, INC., *et al.*,

    Defendants.

Case No. 2:11-CV-00736-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Preliminary Injunction (#16). Defendants filed a response in opposition (#18) to which Plaintiff replied (#21). Plaintiff's Motion to Extend Deadline (#19) is **GRANTED**. Plaintiff's Motion to Strike for Lack of Standing (#9) is **DENIED as meritless**.

    Plaintiff's property was properly sold by the Trustee, Defendant Quality Loan Service, at public auction on May 8, 2011. The property was purchased by the beneficiary, Defendant Pacifica L Nineteen LLC ("Pacifica"), who had been properly assigned the beneficial interest. The Court has studied the assignments of that interest from the original lender, Defendant Stearns Lending, Inc., to Citimortgage, Inc., and finally to Defendant Pacifica, but can find no defect as alleged by Plaintiff. According to Plaintiff's present motion, Pacifica has instituted eviction proceedings in Las Vegas Justice Court which Plaintiff now seeks to enjoin asserting that the chain of assignments is improper,

1  because Defendant Mortgage Electronic Registration Systems ("MERS"), as nominee for Stearns and
2  named beneficiary under the Deed of Trust, assigned the beneficial interest to Citimortgage.
3  However, the Ninth Circuit Court of Appeals has now recognized that the standard form Deeds of
4  Trust at issue in this case properly disclose MERS' involvement, duties, and powers in holding and
5  transferring the mortgage interests. See Cervantes v. Countrywide Home Loans, Inc., — F.3d —,
6  2011 WL 3911031 *4-8 (9th Cir. September 7, 2011).  Furthermore, Plaintiff's wrongful foreclosure
7  claims, arising under Nevada statute, are unlikely to succeed on the merits, because MERS did not
8  initiate foreclosure in its own name, and despite Plaintiff's assertions, the recorded assignments and
9  notices in this action did not violate any state recording or foreclosure statute.  See Cervantes, 2011
10  WL 3911031 at *7; Nev. Rev. Stat. § 107.080.

11       "Preliminary injunctive relief is available to a party who demonstrates either: (1) a
12  combination of probable success on the merits and the possibility of irreparable harm; or (2) that
13  serious questions are raised and the balance of hardships tips in its favor. These two formulations
14  represent two points on a sliding scale in which the required degree of irreparable harm increases as
15  the probability of success decreases." A&M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir.
16  2001) (citations and quotations omitted).  "If the balance of harm tips decidedly toward the plaintiff,
17  then the plaintiff need not show as robust a likelihood of success on the merits as when the balance
18  tips less decidedly.  No chance of success at all, however, will not suffice." Benda v. Grand Lodge
19  of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978) (citations
20  and quotations omitted).

21       However, "[a] preliminary injunction is an extraordinary remedy, one that should not be
22  granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
23  Armstrong, 520 U.S. 968, 972 (1997).  Here, Plaintiff has failed to make a clear showing of probable
24  success on the merits.
25  ///
26  ///

1  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction
2  (#16) is **DENIED**.
3  DATED:  September 16, 2011

_____
Kent J. Dawson
United States District Judge