UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JANET WINTER,

    Plaintiff,

v.

STEARNS LENDING, INC., *et al.*,

    Defendants.

Case No. 2:11-CV-00736-KJD-PAL

**ORDER**

    Presently before the Court is Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Vantium Capital Inc., Quality Loan Service Coroporation ("Quality"), and Pacifica L. Nineteen, LLC's ("Pacifica") Motion to Dismiss (#6). Plaintiff filed a response in opposition (#8) to which Defendants replied (#11). Also before the Court is Defendant Stearns Lending, Inc.'s Motion to Dismiss (#13). Plaintiff filed a response in opposition (#15) to which Stearns replied (#17).

I.  Background

    On or about June 9, 2005, Plaintiff executed a Note and Deed of Trust securing the purchase of property located at 9920 Camino Loma Verda Avenue, Las Vegas, Nevada ("the Property"). The Deed of Trust named Stearns as Lender, Plaintiff as Borrower, Carriage Escrow, Inc. as Trustee, and MERS as beneficiary and nominee for Lender. Plaintiff promised to repay the Note in the sum of $224,000.00 to Lender.

On September 24, 2008 an Assignment of the Deed of Trust ("the Assignment") dated September 21, 2008 was executed and recorded by MERS as beneficiary transferring the Note and Deed of Trust to Citimortgage, Inc.  On June 3, 2010, Citimortgage assigned the Note and Deed of Trust to Pacifica.  Plaintiff then defaulted on her obligations under the terms of the Note and Deed of Trust.  On April 11, 2011, Pacifica substituted Quality as Trustee.  Quality, acting as agent for Pacifica, recorded Notice of Breach and Default on September 23, 2010.  The Notice of Default shows that Plaintiff had been in default since June 1, 2008.  Notice of Sale was recorded by Quality on April 12, 2011.  The sale took place on May 6, 2011 and the subject property was sold to Pacifica.  A Trustee's Deed Upon Sale was recorded on May 12, 2011.  Meanwhile, Plaintiff filed the present action in state court on April 29, 2011.  Defendants removed the action on May 9, 2011.  Plaintiff asserts claims for wrongful foreclosure, civil conspiracy and quiet title.  Defendants have moved to dismiss all claims asserted against them.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the

Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

Plaintiff's complaint for wrongful foreclosure asserts that MERS did not have authority to transfer the promissory note. Plaintiff argues that if the first assignment of the Note and Deed of Trust was invalid, the second must be also. Plaintiff also asserts that the accounting accompanying the Notice of Default is false. However, Plaintiff does not assert that she made all of her payments, merely that the payments she did make were not accounted for to her liking. Additionally, Plaintiff argues that the loan documents fail to disclose that the transaction was really a disguised securities transaction.

However, Plaintiffs' complaint for wrongful foreclosure fails to state a claim. First, the Deed of Trust expressly authorizes MERS to act as nominee for Lender, to act as beneficiary and "to take any action required of Lender[.]" Defendants' Motion to Dismiss, Exh. 1 (#6-2), Deed of Trust, p. 3. Though Plaintiff claims that these powers were misrepresented to her, the Deed of Trust clearly outlines the powers of MERS and discloses that the Note, or portions of the Note, would likely be sold on one or more occasions. The Deed of Trust at issue in this action is nearly identical to the one in Cervantes v. Countrywide Home Loans, Inc.,656 F.3d 1034, 1042 (9th Cir. 2011) which found that consumers were not misled about MERS' role in their home loans.

After examining each document the Court has taken judicial notice of, the Court can find no deficiency in the assignments of the Deed of Trust, substitutions of Trustee, or notices required in Nevada statute.[1] Each party that acted was authorized to act as they did by the Deed of Trust, Note, and by state statute. Furthermore, Plaintiff's claims regarding securitization of the Note and the

---

[1] Defendant Stearns must also be dismissed because Plaintiff does not allege that Stearns currently holds the Note, has been involved in the foreclosure process in any way, or claims a current interest in the property. In fact, Plaintiff's complaint admits that Stearns is no longer the current holder of the Note.

3

1 involvement of MERS have been foreclosed by <u>Cervantes</u>.  <u>Id.</u> at 1044.  The Court's review of the
2 Deed of Trust and judicially noticed, recorded documents demonstrates no defect as alleged by
3 Plaintiff.
4       Next, Plaintiff's wrongful foreclosure claims fail, because Plaintiff does not dispute that she
5 is in default and cannot cure the default.[2]  Nevada recognizes the tort claim of wrongful foreclosure
6 where homeowners allege that a lender wrongfully exercised the power of sale and foreclosed upon
7 their property when they were not in default on the mortgage loan.  See <u>Collins v. Union Fed. Sav. &</u>
8 <u>Loan Ass'n</u>, 662 P.2d 610, 623 (Nev. 1983).  However, Plaintiff does not dispute her delinquency on
9 the mortgage.  Therefore, the Court dismisses Plaintiff's claim for wrongful foreclosure.  Since
10 Plaintiff's claim for civil conspiracy requires the same finding, that recording the notice of default
11 and assignment of the deed of trust was fraudulent, the Court must also dismiss the civil conspiracy
12 claim.
13       Plaintiff's best remedy would have been to seek her right to mediation through Nevada
14 Assembly Bill 149 which amends Chapter 107 by adding a requirement that if the grantor or person
15 holding title of record notifies the trustee that it seeks mediation, the power of sale be stayed until
16 completion of mediation.  The mediation requires the beneficiary of the deed of trust or a
17 representative to appear at the mediation with the original or certified copy of the deed of trust, the
18 mortgage note, and each assignment of the deed of trust or mortgage note.  The trustee, or person
19 appearing on the trustee's behalf, must have authority to modify the terms of the loan.  <u>See</u> 2009 NV
20 A.B. 149, Nevada Seventy-Fifth Regular Session.  The record is silent as to whether Plaintiff
21 requested her right to mediation.  If the opposing parties had failed to produce documentation
22 substantiating their claim to authority to proceed with foreclosure or had otherwise failed to mediate
23 in good faith, Plaintiff could then have sought relief in state court.

---

[2]Plaintiff's vague allegation that she wasn't in default because unknown third-parties paid off the balance, at least in part, of the note has been rejected by other courts.  See <u>Green v. Countrywide Home Loans, Inc.</u>, 3:09-cv-374, *4 (D. Nev. Jan. 12, 2010)(this vague allegation "even if . . . true, is not tantamount to assertion that Plaintiffs were not in default on their mortgages").

4

Plaintiff's last claim, to quiet title, must also be dismissed. In Nevada, a quiet title action may be brought "by any person against another who claims an…interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." N.R.S. § 40.010. In a claim for quiet title "the burden of proof rests with the plaintiff to prove a good title in himself." Velazquez v. Mortgage Electronic Registration Systems, Inc., No. 2:11–CV–576, slip op., 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev.1996)). Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property. See Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011). Essentially, "he who seeks equity must do equity." McQuiddy v. Ware, 87 U.S. 14 (1873). Although courts have power to vacate a foreclosure sale where there has been fraud, such as sham bidding and the restriction of competition, or inadequacy of price coupled with other circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct. App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989) ("[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs").

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Stearns Lending, Inc.'s Motion to Dismiss (#13) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Demand for Evidentiary Hearing (#23) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 16th day of February 2012.

_____
Kent J. Dawson
United States District Judge